IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SARAH J. STEVENS | * | |
| | * | |
| v. | * | Civil Case No. WDQ-13-1150 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I considered the letters filed by Ms. Stevens, who appears *pro se,* and the Commissioner's pending motion for summary judgment.[1] [ECF Nos. 17, 20, 22]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that the Commissioner's motion be denied, and the case be remanded for further proceedings in accordance with this report and recommendations.

Ms. Stevens applied for Disability Insurance Benefits and Supplemental Security Income in October, 2006, alleging a disability onset date of March 2, 2005. (Tr. 109-21). Her claims were denied initially on April 4, 2007, and on reconsideration on August 16, 2007. (Tr. 81-88, 90-93). An Administrative Law Judge ("ALJ") held a hearing on March 6, 2009, at which Ms.

---

[1] The Court sent Ms. Stevens a Rule 12/56 letter on April 28, 2014, explaining the potential consequences of failing to file an opposition to the Commissioner's motion. [ECF No. 21]. Although Ms. Stevens's opposition was due on May 19, 2014, she did not mail a response until May 29, 2014, and it was received by this Court on June 4, 2014. [ECF No. 22]. Despite the somewhat belated filing, because Ms. Stevens is *pro se*, I have considered her response and the attached medical evidence in making these recommendations.

Stevens was represented by counsel. (Tr. 36-76). The ALJ subsequently wrote an opinion on August 10, 2009, denying benefits to Ms. Stevens. (Tr. 24-35). On January 28, 2010, Ms. Stevens's attorney, S. Mark Tilghman, Esq., wrote to the Appeals Council requesting that the Appeals Council procure Ms. Stevens's medical record from April 1, 2009, to the present, from Peninsula Regional Medical Center and the Johns Hopkins Hospital. (Tr. 21). In that letter, Mr. Tilghman noted that Ms. Stevens had been diagnosed with cancer and had undergone surgery in the intervening period. *Id.* Mr. Tilghman reiterated the request that records be ordered in his brief to the Appeals Council. (Tr. 207-14). The record does not reflect that the Appeals Council sought to obtain any of those records, and in fact suggests that the request was denied. (Tr. 3). On July 26, 2010, the Appeals Council denied review of Ms. Stevens's case. (Tr. 17-20).

The subsequent procedural posture of this case is highly irregular. As described both in Ms. Stevens's letter and in a letter written by her former counsel, S. Mark Tilghman, Esq., Mr. Tilghman's former administrative assistant apparently engaged in misconduct with respect to Ms. Stevens's file. [ECF No. 17, Tr. 3-8]. According to Ms. Stevens and Mr. Tilghman, the administrative assistant was hiding relevant notices and mail from Mr. Tilghman, and was misinforming Ms. Stevens regarding the status of her case. *Id.* As a result of the assistant's misconduct, the Commissioner granted Ms. Stevens an extension of time to file a civil action, and she filed the instant case in this Court on April 19, 2013. [ECF No. 1].[2] In the interim, Ms. Stevens filed a new claim for benefits, in part due to her diagnosis of colon cancer. The Commissioner approved her for benefits on October 3, 2011, and found that she had become disabled on June 30, 2010. (Tr. 6). Her appeal in this case, however, relates to the period pre-dating the ALJ's decision of August 10, 2009.

Ms. Stevens's filings in this Court consist of a letter to the Court discussing her inability

---

[2] Ms. Stevens has filed a complaint with the Attorney Grievance Commission regarding Mr. Tilghman's representation. [ECF No. 17].

to find counsel to represent her for her appeal, the letter from the Commissioner granting her additional time to file the civil action, a letter from Mr. Tilghman to Ms. Stevens regarding preparation of the request for additional time, and a detailed letter Ms. Stevens wrote to Congressman Andy Harris. [ECF No. 17]. The letter to Congressman Harris contains the most substantive information regarding Ms. Stevens's case. According to Ms. Stevens, Mr. Tilghman and his assistant repeatedly assured Ms. Stevens that she would receive "back pay from her first case." *Id.* She was not informed that no appeal of the initial decision had been filed until long after the deadline had expired. *Id.* She relied on the representations that she would be receiving a lump sum payment in assuring her creditors that they could be paid. *Id.* Moreover, she believes that Mr. Tilghman should not have been compensated for his representation of her, and should pay to retain an attorney to represent her in the instant appeal. *Id.*

While Ms. Stevens has raised some serious allegations regarding her experience with employees of Mr. Tilghman's office, those issues are not properly addressed in this forum. This Court's jurisdiction is limited to a review of the ALJ's 2009 decision to determine whether the ALJ's conclusions were supported by substantial evidence. This Court cannot award benefits or damages to compensate Ms. Stevens for any misrepresentations that may have been made by Mr. Tilghman or his assistant.

Turning, then, to the 2009 decision, the ALJ found that, during the relevant time frame, Ms. Stevens suffered from the severe impairments of obesity, degenerative joint disease, and fibroid tumors. (Tr. 29). Despite these impairments, the ALJ determined that Ms. Stevens retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she is limited to no climbing of ladders, ropes, or scaffolds, only occasional performance of other postural activities, and only frequent rather than constant handling, fingering, and feeling.

(Tr. 31). After considering testimony from a vocational expert ("VE"), the ALJ determined that

3

Ms. Stevens was capable of performing her past relevant work as a telemarketer, and that she was not therefore disabled. (Tr. 35).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, while substantial evidence supported the ALJ's decision at the time it was written, the "new and material evidence" that Mr. Tilghman sought to present to the Appeals Council, and that Ms. Stevens has presented, at least in part, to this Court, requires further analysis by the Commissioner. Accordingly, I recommend remand under sentence six of 42 U.S.C. § 405(g), which governs remand for consideration of new and material evidence.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. At step one, the ALJ found in Ms. Stevens's favor that she had not engaged in substantial gainful activity since the alleged onset date of March 2, 2005. (Tr. 29). At step two, the ALJ found the severe impairments specified above, providing detailed analysis and citing record exhibits to support the clinical and diagnostic findings demonstrating severity. (Tr. 29-30).

At step three, the ALJ stated that Ms. Stevens's impairments do not meet the criteria of any relevant Listings. (Tr. 31). While the ALJ did not identify or discuss any specific Listing, an ALJ is required to discuss listed impairments and compare them individually to Listing criteria only when there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F.

4

Supp. 2d 629, 645 (D. Md. 1999). Upon reviewing the entire record, I find no instances of ample evidence supporting a determination that any Listing would have been met prior to the ALJ's opinion in this case. Accordingly, the step three conclusion was supported by substantial evidence.

At step four, the ALJ provided a summary of Ms. Stevens's statements on her initial disability report, her subsequent disability and function reports, and her hearing testimony. (Tr. 31-32). The ALJ noted that Ms. Stevens became unemployed in March, 2005 because she was laid off, and that she was able to drive, shop, attend church, write, use a computer, and spend time with her granddaughter. (Tr. 32). The ALJ further noted that, after the hearing, Ms. Stevens's attorney submitted a letter indicating that Ms. Stevens has attended college, part-time, for years, and hoped to "be able to obtain a degree and be able to find some work which she is physically able to do." (Tr. 34, 107-08). In fact, in March, 2007, Ms. Stevens indicated on a medical form that she was a "full time student/accounting." (Tr. 322).

With respect to the medical evidence, the ALJ noted that Ms. Stevens had sought limited medical treatment prior to the date of the ALJ opinion. (Tr. 32). She had not sought treatment with an orthopedist or specialist for her knee impairment, had not received treatment for complaints of back pain, and had not been recommended to undergo further treatment for her gynecologic issues. (Tr. 32). Her treatment notes with her primary care practices, in which she treated primarily with nurse practitioners, reflect numerous appointments for relatively routine medical issues. (Tr. 33-34, 338-51, 373-87). Her periodic complaints of knee pain resulted, in 2009, in a referral to an orthopedist after she had demonstrated full range of motion and no edema. (Tr. 33, 373-74). The ALJ further noted that Ms. Stevens's treatment for fibroid tumors had been relatively minimal, and that she was not prescribed any medication at any time other than pain relievers. (Tr. 33). Although her gynecologist, at one point, recommended referral for

a hysterectomy, she never scheduled the surgery because she remained asymptomatic. *Id.*

In addition, the only treating source opinion in the file was completed by a certified registered nurse practitioner, Joanna Freidberg, who had no corroborating treatment notes to substantiate her opinion. (Tr. 34, 363-66). Moreover, Ms. Freidberg's opinion did not suggest a long-standing treatment relationship, since it surmises, "Medication alone will more than likely fail." (Tr. 366). A consultative examiner, Dr. Victor Gong, found limited range of motion in Ms. Stevens's knees but normal range of motion on all other joints, and no limitations on lifting, standing, or walking. (Tr. 34, 250-54). The state agency physicians who reviewed Ms. Stevens's medical file either found her capable of certain light work, or found her to have no severe impairments. (Tr. 34-35, 255-60, 362). The ALJ rejected the opinion suggesting that Ms. Stevens had no severe impairments in favor of the opinion suggesting that she could perform a limited range of light work. (Tr. 35).

The function of this Court is not to review Ms. Stevens's claims *de novo* or to reweigh the evidence of record. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Coffman*, 829 F.2d at 517; see 42 U.S.C. § 405(g). The ALJ cited to abundant evidence suggesting that Ms. Stevens was capable of substantial gainful employment prior to the date of the ALJ's opinion.

The ALJ also appropriately completed step five of the sequential evaluation. The ALJ took testimony from the VE regarding whether a person with Ms. Stevens's RFC assessment could perform her past relevant work as a telemarketer. (Tr. 72). The VE testified that she would be capable of the work. *Id.* The ALJ then asked whether there were other light and

6

sedentary jobs that could be performed with a person fitting the hypothetical criteria, and the VE testified in the affirmative.   (Tr. 72-73).   The ALJ's step five determination, therefore, was also supported by substantial evidence.

The problem lies in the evidence that has now been submitted regarding Ms. Stevens's medical condition between the date of her ALJ hearing on March 6, 2009, and the ALJ's opinion on August 10, 2009.  Evidence submitted for the first time to this Court reflects that Ms. Stevens was hospitalized just three days after her ALJ hearing for more than a week, and was diagnosed during that hospital stay with pulmonary embolism, anemia, and morbid obesity. [ECF No. 22]. She was readmitted to the hospital on July 31, 2009, and remained hospitalized until August 5, 2009, with diagnoses including severe iron deficiency anemia, blood loss anemia, history of uterine fibroids, chronic anticoagulation secondary to pulmonary embolus, trace heme positive stools, arthritis, and morbid obesity. *Id.*  By August 14, 2009, just four days after the ALJ's opinion, Ms. Stevens had been diagnosed with colon cancer, and she was hospitalized for a seven-week period. *Id.*

Section 405(g) generally precludes a court from considering evidence outside the record before the Commissioner during the administrative proceedings, and directs instead that remand is appropriate where evidence is new, material, and there is good cause for failure to submit the evidence in a prior proceeding. *See Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997). First, there is good cause for Ms. Stevens's failure to submit the evidence in the prior proceeding.  During the time between the ALJ hearing and the ALJ's opinion, Ms. Stevens was undergoing significant medical treatment, including several multi-day hospitalizations.  While Ms. Stevens's case was pending before the Appeals Council, her attorney informed the Appeals Council of her changed medical condition and asked that the Appeals Council procure the hospital records, because Ms. Stevens lacked the financial means to do so.  The Appeals Council

declined to obtain the records.  I therefore cannot fault Ms. Stevens for submitting the evidence, for the first time, to this Court.

The new evidence is also material.  New evidence is only material where there is "a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue,* 662 F.3d 700, 705 (4th Cir. 2011) (*citing Wilkins v. Sec'y, Dep't of Health & Human Servs.,* 953 F.2d 93, 96 (4th Cir. 1991)).  Given the severity of Ms. Stevens's medical condition and treatment in mid-2009, there is a reasonable possibility that the ALJ would have viewed her functional capacity differently had those records been considered.  While it is unclear whether the new records would have any bearing on the ALJ's assessment of Ms. Stevens's physical condition prior to her ALJ hearing, the fact that the new conditions arose before the ALJ's opinion issued renders the information material to the ALJ's overall assessment.

It is true that, according to Mr. Tilghman, Ms. Stevens was subsequently found to have been disabled as of June 30, 2010, and not an earlier date.  (Tr. 6).  However, the record does not indicate the date of her subsequent disability application, or whether the records from mid-2009 that are now presented to this Court were ever presented to the agency in that subsequent application.  In any event, upon a reapplication for benefits, the agency is precluded from setting an onset date prior to a previous denial of benefits.  I therefore recommend that this case be remanded to the Commissioner under sentence six of 42 U.S.C. § 405(g) for consideration of the new and material evidence relating to Ms. Stevens's medical condition between the date of her hearing and the ALJ's opinion.  In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Stevens was not disabled prior to August 10, 2009 is correct or incorrect.

CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court DENY Defendant's Motion for Summary Judgment, [ECF No. 20]; and REMAND the case to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.


Dated:  June 12, 2014                                                    /s/
                                                                         Stephanie A. Gallagher
                                                                         United States Magistrate Judge