IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SARAH STEVENS           *
                *
   v.               *    Civil Case No. RDB-13-1150
                *
COMMISSIONER, SOCIAL SECURITY[1]   *
                *
            *************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the Social Security Administration's ("SSA's") dispositive motion, (ECF No. 39), and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). Plaintiff Sarah Stevens, who appears *pro se,* did not file a motion for summary judgment but filed a response to the SSA's Motion for Summary Judgment. [ECF No. 41]. I have considered the SSA's Motion and Ms. Stevens's response. [ECF Nos. 39, 41]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court grant the SSA's motion and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

This case has a lengthy procedural history. Ms. Stevens filed claims for benefits on October 24, 2006, alleging disability beginning March 2, 2005. (Tr. 109-21). Her claims were denied initially and on reconsideration. (Tr. 81-88, 90-93). A hearing, at which Ms. Stevens was represented by counsel, was held on March 6, 2009, before an Administrative Law Judge

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

("ALJ"). (Tr. 36-76). Following the hearing, on August 5, 2009, the ALJ determined that Ms. Stevens was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 24-35). The Appeals Council denied Ms. Stevens's request for review. (Tr. 17-20). On May 6, 2011, Ms. Stevens filed new applications for benefits, and was found disabled as of June 30, 2010. (Tr. 786). However, Ms. Stevens also appealed the 2009 denial of benefits to this Court. (Tr. 475-84). On July 1, 2014, this Court remanded the case pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of "new and material evidence" regarding Ms. Stevens's medical condition prior to August 10, 2009. *Id.* On remand, an ALJ held another hearing and determined that Ms. Stevens was disabled beginning June 9, 2006, but not prior. (Tr. 415-38, 392-409). The SSA reopened the case in this Court and agreed that the case should be remanded again to consider additional evidence. (Tr. 825-32). Following another remand, an ALJ held a third hearing on January 18, 2017. (Tr. 804-20). After that hearing, at which Ms. Stevens appeared without counsel, the ALJ again found that Ms. Stevens was not disabled during the period before June 9, 2006. (Tr. 783-803). That ALJ opinion, dated February 14, 2017, is the subject of this appeal.

The ALJ found that, before June 9, 2006, Ms. Stevens suffered from the severe impairments of "obesity; degenerative joint disease; fibroid tumors; anemia, and foot disorders." (Tr. 789). Despite these impairments, the ALJ determined that, before June 9, 2006, Ms. Stevens had retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following limitations: She had to avoid crawling, kneeling, and climbing ladders, ropes, and scaffolds, but she could perform other postural movements on an occasional basis. Due to pain, she was limited to simple, routine unskilled tasks that were not fast-paced.

(Tr. 790-91). After considering the testimony of a vocational expert ("VE"), the ALJ determined that, prior to June 9, 2006, Ms. Stevens could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 795-96).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Stevens's favor at step one and determined that she did not engage in substantial gainful activity before June 9, 2006. (Tr. 789); *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Ms. Stevens claimed prevented her from working. *See* 20 C.F.R. § 416.920(a)(4)(ii). Notably, the ALJ found Ms. Stevens's "status post a remote acute deep vein thrombosis," high blood pressure, ankle sprain, and injury to her left hip to be non-severe. (Tr. 789-90). In assessing severity, the ALJ noted that there was no evidence of deep vein thrombosis during the period at issue, no evidence of cardiac or blood pressure-related complications before June 9, 2006, and no evidence of congestive heart failure prior to that date. (Tr. 789). The ALJ also found that Ms. Stevens's ankle sprain and related hip injury were acute injuries that did not last a continuous period of 12 months. (Tr. 789-90). However, after finding at least one of Ms. Stevens's impairments severe, *id.*, the ALJ continued with the sequential evaluation and

considered, in assessing Ms. Stevens's RFC, the extent to which her impairments limited her ability to work.

At step three, the ALJ determined that Ms. Stevens's severe impairments did not meet, or medically equal, the criteria of any listings. (Tr. 790). In particular, the ALJ considered the specific requirements of Listings 1.02 (major dysfunction of a joint); 1.04 (spinal disorders); 7.05, 7.08, 7.10, 7.17, and 7.18 (hematologic listings); and 13.23 (cancers of the female genital tract). *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 §§ 1.02, 1.04, 7.05, 7.08, 7.10, 7.17, 7.18, 13.23. The ALJ cited to specific criteria and medical evidence to explain why each of the listings had not been met. (Tr. 790).

In considering Ms. Stevens's RFC, the ALJ summarized her subjective complaints from her applications, disability reports, and testimony at her various hearings. (Tr. 791-92). The ALJ then engaged in a detailed review of Ms. Stevens's medical records and objective testing. (Tr. 792-95). The ALJ specifically noted that the record "contains little medical evidence for the period before June 9, 2006." (Tr. 793). The ALJ further explained that "[e]xaminations in 2006 generally showed no signs of significant arthritis," and that "there is no evidence that the claimant had significant treatment for or complications related to anemia or fibroids between March 2005 and June 2006." *Id.* The ALJ summarized, in significant detail, the physical examination records from Ms. Stevens's visit to the emergency room in September, 2005. (Tr. 794). Other than the acute injuries to Ms. Stevens's ankle and hip, the remainder of the examination demonstrated normal or unremarkable findings. *Id.* The ALJ noted that the emergency room visit was "[t]he most extensive physical exam between March 2005 and June 2006," which is the only period relevant to this case. *Id.* Finally, the ALJ reviewed the opinion

evidence, but noted that all of the opinion evidence pertained to times after June, 2006. (Tr. 794-95).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Stevens's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the sparse medical evidence outlined above regarding Ms. Stevens's physical condition during the relevant time frame, I find the ALJ's RFC determination was supported by substantial evidence.

Next, the ALJ determined that Ms. Stevens had past relevant work as a telemarketer, but that she would be unable to perform that job based on her RFC. (Tr. 795). Accordingly, the ALJ proceeded to step five, where he considered the impact of Ms. Stevens's age and level of education on her ability to adjust to new work. (Tr. 795-96). In doing so, the ALJ cited the VE's testimony that a person with Ms. Stevens's RFC would be capable of performing the jobs of "charge account clerk," "food and beverage clerk," and "surveillance system monitor." (Tr. 796). Based on the VE's testimony, the ALJ concluded that Ms. Stevens was capable of successfully adjusting to other work that exists in significant numbers in the national economy. *Id*. Accordingly, the ALJ's determination was supported by substantial evidence.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion for Summary Judgment, [ECF No. 39]; and order the Clerk to CLOSE this case.

5

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: July 10, 2018                                  /s/
                                                      Stephanie A. Gallagher
                                                      United States Magistrate Judge